Argued and submitted September 7, reversed and remanded for reconsideration October 24, 1990

Jacquie I. JOHNSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Automatic Vending Co.,
*Respondents.*

(89-AB-1432; CA A63029)

799 P2d 682

Julie K. Bolt, Portland, argued the cause for petitioner. With her on the brief was Martin, Bischoff, Templeton, Ericsson & Langslet, Portland.

No appearance by respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Claimant seeks review of a decision of the Employment Appeals Board (EAB) disqualifying her from unemployment benefits for wilfully misrepresenting her work and earnings. ORS 657.215. We reverse.

EAB adopted these findings by the referee:

"(5) The claimant is mentally retarded. (6) She has a sixth grade education. (7) She has worked at jobs which primarily involve routine activities. (8) She can follow simple written or verbal instructions. (9) She is easily confused, particularly when she does not take prescribed medication. (10) She was not taking her medication during the period in issue because of the cost of medical treatment. (11) The claimant hides the fact that she has a problem. (12) She is reluctant to go to her husband about these matters. Her husband encourages her to do things on her own."

EAB added its own findings:

"(13) The claimant reported her work and earnings for some of the weeks in issue. The claimant did not report her work and earnings for all the weeks in issue because the continued claim forms confused and frustrated her. The claimant was aware that she was confused and frustrated by the forms. (14) The claimant did not ask her husband for help in completing the forms because she did not want to be a burden to him. (15) The claimant did not seek help from Employment Division personnel regarding the proper completion of the continued claim forms. (16) The claimant normally has her husband read mail to her that she does not understand. (17) The claimant did not report her separation from Northwest Temporary Services on August 10, 1988, or the commencement of a job on August 17, 1988, with Canteen Co. of Oregon."

We review to determine whether EAB's findings are rationally related to its conclusions. *Pruett v. Employment Division,* 86 Or App 516, 740 P2d 196 (1987). ORS 657.215 provides for disqualification from unemployment benefits when an individual "has wilfully made a false statement or misrepresentation, or wilfully failed to report a material fact to obtain any benefits." The statute requires "that an *intent* to misrepresent for the purpose of obtaining benefits be found." *Pruett v. Employment Division, supra,* 86 Or App at 521. (Emphasis in original.) EAB's findings do not support its

conclusion that claimant intended to misrepresent any material fact. At most, they show that she failed to obtain help that she knew she needed.

Reversed and remanded for reconsideration.